IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| HEZEKIAH THOMAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:16-cv-217-MHT-SRW |
| | ) |
| STATE OF ALABAMA PERSONNEL | ) |
| DEPARTMENT, ALABAMA | ) |
| DEPARTMENT OF CORRECTIONS, | ) |
| | ) |
| Defendants. | ) |

**<u>ORDER and RECOMMENDATION OF THE MAGISTRATE JUDGE</u>**

The presiding District Judge referred this case to the undersigned for action or recommendation on all pretrial matters. (Doc. 4). Plaintiff Hezekiah Thomas ("Thomas"), proceeding *pro se*, has filed a motion for leave to proceed in forma pauperis in this action. Upon consideration of the motion, it is

ORDERED that the motion (Doc. 2) is GRANTED.

However, upon review of the complaint, the court concludes that plaintiff's claims are barred by the Eleventh Amendment and his failure to exhaust administrative remedies and, thus, are due to be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1] The statute provides, in relevant part: "[T]he court shall dismiss the case at any time if the court determines that … the action or appeal–(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915 (e)(2)(B).

**I.     Introduction**

Thomas sues his employer, the Alabama Department of Corrections, along with the State of Alabama Personnel Department, alleging violations of his federal statutory rights. He asserts claims of sex discrimination in violation of Title VII of the Civil Rights Act of 1964, and disability discrimination in violation of the Americans with Disabilities Act ("ADA").

The court derives the relevant facts from the complaint and the documents Thomas attached thereto.[2] Thomas has a serious cervical spine condition that has required surgery on two separate occasions. (Doc. 1 at 2). He took leaves of absence after these surgeries and, as of November 14, 2014, he was on leave without pay. (Doc. 1-1 at 16). He requested donated leave pursuant to defendants' leave policies, but was denied because his condition did not meet the definition of "catastrophic illness" required to receive donated leave. (Doc. 1 at 2; Doc. 1-1 at 17-18).  On February 1, 2015, Thomas voluntarily resigned his position. (Doc. 1 at 2).  He filed an EEOC charge in February 2015.  He did not attach the charge to the complaint, but he did include a letter from the EEOC which states that his EEOC charge asserts a single claim under the ADA.  (Doc. 1-1 at 9).

---

[2] In assessing Thomas's complaint to determine whether it states a claim, the court may consider the attachments to the complaint. *Cf. Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (in ruling on Rule 12(b)(6) motions to dismiss, courts "ordinarily examine … documents incorporated into the complaint by reference"); *Theater v. Palm Beach Cty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006) (in assessing a complaint pursuant to Rule 12(b)(6), the court considers the complaint and its attached exhibits).

The Social Security Administration ("SSA") determined that plaintiff was totally disabled beginning September 4, 2014, and it began paying him disability benefits in March of 2015.³ (Doc. 1-1 at 6).

Thomas's complaint raises two claims, one for sex discrimination under Title VII and one for disability discrimination under the ADA.⁴ He seeks recovery of back pay. (Doc. 1 at 3). Both of his claims are due to be dismissed.

## II. Discussion

### A. ADA Claim

Under the Eleventh Amendment, a state is generally immune from lawsuits brought in federal court by private citizens. *Hans v. Louisiana*, 134 U.S. 1 (1980). The Eleventh Amendment bars suits directly against "the State or one of its agencies or departments⁵ ... regardless of the nature of the relief sought," *Pennhurst State School and Hosp. v. Halderman*, 465 U.S. 89, 100–01 (1984), and its protection extends to a defendant that acts as "an arm of the State." *Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003), *cert. denied* 540 U.S. 1107 (2004). "The ultimate guarantee of the Eleventh Amendment is that

---

³ Pursuant to SSA policy, disability benefits begin once a person has been disabled for five full calendar months in a row. (Doc. 1-1 at 6).

⁴ The court does not read the complaint to contain a claim under the Family and Medical Leave Act ("FMLA"). However, to the extent that plaintiff alleges claims that could potentially be brought under the FMLA, they would be barred by Eleventh Amendment immunity. *See Lucas v. State of Alabama Dept. of Public Health*, No. 3:15-CV-941, 2016 WL 335547, *2–3 (M.D. Ala. Jan. 7, 2016) (adopted by *Lucas v. State of Alabama Dept. of Public Health*, No. 3:15-CV-749, 2016 WL 344965 (M.D. Ala. Jan. 27, 2016)).

⁵ Defendants are both arms of the state and thus are entitled to Eleventh Amendment immunity. *See Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (Alabama Board of Corrections); *Taite v. Alabama, Dept. of Personnel*, No. 2:11-CV-739, 2012 WL 3631619, *8 (M.D. Ala. Jul. 16, 2012) (State of Alabama Department of Personnel).

nonconsenting States may not be sued by private individuals in federal court." *Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001). Absent the state's "unequivocally expressed" consent or waiver of its Eleventh Amendment immunity, or a valid abrogation of that immunity by Congress, a federal court may not exercise jurisdiction over a lawsuit against a state. *Pennhurst*, 465 U.S. at 99; *Garrett*, 531 U.S. at 363; *Cross v. State of Alabama*, 49 F.3d 1490, 1502 (11th Cir. 1995).

While the ADA expresses Congress' intention to abrogate the states' immunity, the Supreme Court has found such abrogation to exceed Congress's constitutional authority as to employment discrimination claims under Title I of the ADA. *Garrett*, 531 U.S. at 363–64. Further, as this court has concluded previously, "if Congress exceeded its § 5 enforcement powers by its purported abrogation of sovereign immunity as to claims of employment discrimination against state employers under Title I, the same is true when those claims are brought under Title II." *Lucas v. State of Alabama Dep't of Pub. Health*, 2016 WL 335547, at *4 (M.D. Ala. Jan. 7, 2016), *report and recommendation adopted*, 2016 WL 344965 (M.D. Ala. Jan. 27, 2016). Plaintiff does not expressly state whether he brings his disability discrimination claim under Title I or Title II of the ADA.[6] However, under either title, it is barred by defendants' Eleventh Amendment immunity and due to be dismissed.

---

[6] Title I of the ADA prohibits disability discrimination in the employment context (*see* 42 U.S.C. §§ 12111-12117), and Title II prohibits disability discrimination in the context of public services (*see* 42 U.S.C. § 12132 ("[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.")).

### B. Title VII

Under Title VII, it is unlawful for an employer to discriminate against an employee on the basis of her race, color, religion, sex, or national origin with respect to the terms and conditions of her employment. 42 U.S.C. § 2000e-2(a)-(m). "It is well established that the timely filing of an EEOC charge is a prerequisite to a civil action based on Title VII … and a plaintiff who fails to file a timely charge of discrimination is precluded from bringing a civil action because of a failure to exhaust his or her administrative remedies." *McCurdy v. State of Alabama Disability Determination Serv.*, No. 2:13-CV-934, 2015 WL 5737103, *7 (M.D. Ala. Sept. 30, 2015) (quoting *Lett v. Reliable Ruskin*, 1:05-CV-479, 2005 WL 2128041, *2 (M.D. Ala. Aug. 29, 1995)).

> A plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.  As long as the allegations in the judicial complaint and proof are 'reasonably related' to charges in the administrative filing and 'no material differences' between them exist, the court will entertain them.  Judicial claims which serve to amplify, clarify, or more clearly focus earlier EEO complaints are appropriate.  Allegations of new acts of discrimination, offered as the essential basis for the requested judicial review are not appropriate.

*Id.* (internal quotation marks and citations omitted).  According to the letter from the EEOC that Thomas attached to his complaint, the only allegation included in his EEOC charge related to an ADA claim.  He did not raise a claim of employment discrimination under Title VII.  Therefore, plaintiff failed to exhaust his administrative remedies with respect to his Title VII claim.  His Title VII claim is now barred and due to be dismissed.

### III.  Conclusion

Accordingly it is the RECOMMENDATION of the Magistrate Judge that:

1.  Plaintiff's ADA claim be DISMISSED with prejudice in accordance with 28 U.S.C. § 1915(e)(2)(B)(iii).

2.  Plaintiff's Title VII claim be DISMISSED with prejudice in accordance with 28 U.S.C. § 1915(e)(2)(B)(iii).

3.  This case be dismissed prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

It is further ORDERED that **on or before June 27, 2017**, plaintiff may file an objection to the Recommendation.  Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which plaintiff objects.  Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file a written objection to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of a party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  11th Cir. R. 3-1; *Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, on this the 13th day of June, 2017.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge

6